﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/25/19

DOCKET NO. 180921-417
DATE: February 26, 2019

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include mood disorder, major depressive disorder and generalized anxiety disorder is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1976 to November 1978. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

In September 2018, the Agency of Original Jurisdiction (AOJ) denied the Veteran’s claim for service connection. In September 2018, the Veteran filed two documents that were accepted as notice of disagreements to the AOJ decision and selected the Board of Veteran’s Appeals (Board) “Evidence Lane.” In acknowledgement of this selection, the Board sent a letter in September 2018 that informs the Veteran he has 90 days from October 1, 2018, to submit additional evidence to the Board. Within the 90-day period, the Veteran submits a medical opinion from Charles L. Koah, LPC, dated in July 2016. With this submission, the Veteran sends another RAMP opt-in election in which he checks the box showing he elects a supplemental claim as his review option. At this point in the adjudicative process, the Veteran may select the option for a supplemental claim (which is a type of review at the AOJ level) if this is accomplished within one year of the prior decision notice and withdraws the request as prescribed in 38 C.F.R. §3.2500(d). Section 3.2500(d) required a withdrawal to be in writing or through electronic submission in a manner prescribed by the VA Secretary. This has not been done by the Veteran or his agent and the Board will review the claim.

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and there is a complete record upon which to decide the Veteran’s claim so that he is afforded every possible consideration. See U.S.C. § 5103A; 38 C.F.R. § 3.159(c).

The Board has recharacterized the issue on appeal as entitlement to service connection for an acquired psychiatric disorder to include mood disorder, major depressive disorder and generalized anxiety disorder. See Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The Veteran seeks service connection for an acquired psychiatric disorder secondary to his service-connected migraine headaches. He also contends that his acquired psychiatric disorder is a result or related to his active duty service. 

The Veteran submitted an evaluation in July 2016 from a counselor in relation to his psychiatric condition. He later resubmitted this same evaluation in December 2018. The evaluation indicated that the Veteran’s mood disorder is “more likely than not” related to his service-connected disabilities and otherwise related to his active military service. Although this evaluation was submitted after the initial rating decision in April 2015 and was not before the Agency of Original Jurisdiction (AOJ) at that time, it was considered in the June 2018 RAMP decision by the AOJ. 

The Veteran’s service treatment records (STRs) show that from October 1978 show that he did have some issues with job performance and was unable to control his behavior when he was experiencing headaches. STRs also show that he was given psychological tests which noted that he had psychophysiological reactions to his headaches. Another STR from October 1978 document that the Veteran had a passive-aggressive personality with no psychiatric disorder.

VA treatment records from September 2014 note that the Veteran had posttraumatic stress disorder and major depression resulting from an injury due to a gunshot wound in January 1998. Other VA treatment records from February 2005 state that the Veteran had substance induced mood disorder. 

VA’s duty to assist includes the conduct of a thorough and comprehensive medical examination. Robinette v. Brown, 8 Vet. App. 69, 76 (1995). 

The issue of entitlement to service connection for mood disorder is remanded to correct a duty to assist error that occurred prior to the April 2015 rating decision on appeal. The AOJ obtained an April 2015 VA examination and medical opinion prior to the April 2015 rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran's mood disorder is caused or aggravated by his service-connected migraine headaches. It was noted at the examination that the most recent diagnosis of record was major depressive disorder, recurrent, with psychotic features and generalized anxiety disorder. Nevertheless, the VA examiner indicated that the Veteran has not been diagnosed with a mental disorder and deferred the diagnosis to medical providers as it was noted that the presence of psychological malingering does not preclude the likelihood of genuine psychopathology but instead it indicates it is not possible to accurately diagnose a condition without resorting to mere speculation due to the patient’s style of responding.

In addition, the AOJ did not obtain a VA medical opinion for direct service connection prior to the April 2015 rating decision on appeal. As noted above, STRs show that the Veteran was seen for some psychological issues in service. Therefore, based on the evidence associated with the claims file prior to the April 2015 rating decision, the Board finds that an addendum VA examination/medical opinion is required to determine whether an acquired psychiatric disorder is related to service or otherwise related to his service-connected migraine headaches.

The matter is REMANDED for the following action:

1. Arrange for a VA examination with medical opinion to address the claim for an acquired psychiatric disorder. The decision for an in-person examination of the Veteran is left to the discretion of the examiner. All appropriate testing should be conducted. The electronic records, to include a copy of this remand, should be made available to and reviewed by the examiner, and an opinion as follows is requested:

a.) The examiner should identify all acquired psychiatric disorders present at any time from the date of claim (i.e. since February 2014) to the present, to include mood disorder, major depressive disorder, and general anxiety disorder.

b.) For each diagnosis, provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the psychiatric disorder had an onset in service or otherwise related to active service?

c.) For each diagnosis, provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the psychiatric disorder is secondary to the Veteran’s service-connected migraine headaches or aggravated beyond its natural progression by his service-connected migraine headaches. 

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran’s service treatment records, post-service medical records, and assertions.

In considering any lay statements of record, the examiner should note that the Veteran is competent to attest to matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examination report must include a complete rationale for any opinion provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation.

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. Kim, Associate Counsel